IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH E. LLOYD,
    Plaintiff

v.      CIVIL NO. AMD 00-2163

JAMES BURCHAM, JR., et al.,
    Defendant

...oOo...

**MEMORANDUM**

    Plaintiff, Joseph E. Lloyd, filed suit in state court. Defendants timely removed the case to this court. Pending before the court are Plaintiff's (1) motion to remand; (2) motion to disqualify counsel; (3) motion for leave to amend the complaint; and (4) motion for an enlargement of time.

    The issues have been fully briefed and no hearing is necessary. Plaintiff's motion to remand shall be granted (without costs) because federal jurisdiction is lacking. Because the case shall be remanded, all remaining motions may be considered by the state court after remand.

I

    Plaintiff filed a five-count complaint against Defendants in the Circuit Court for Anne Arundel County, Maryland. The

complaint alleged against each Defendant claims of securities fraud, breach of contract, unjust enrichment, non-disclosure fraud and civil conspiracy.[1] Defendants filed a timely notice of removal with this court. The notice stated that removal to federal court was proper because Count IV of the complaint, alleging non-disclosure fraud, "arises under" the Securities Exchange Act of 1934. Plaintiff filed a timely motion to remand the case to state court on the ground that his claims rested solely on Maryland law and that Count IV specifically is a state common-law claim for non-disclosure fraud.

II

It is well-established that where removal jurisdiction is doubtful, a remand is necessary. See, e.g., Danfelt v. Board of County Comm'rs of Wash. County, 998 F. Supp. 606, 607 (D. Md. 1998) (citing Mulcahey v. Columbia Organic Chem. Co., 29

---

[1] Defendants are TMG Holding Company, Inc. ("TMG"), seven TMG stockholders and their broker-dealer, Medallion Investment Services, Inc. The gravamen of Plaintiff's lawsuit is that TMG owed Plaintiff money for unpaid fees, expenses and salary, and that "while making some payments to him on this debt, [D]efendants, through TMG, fraudulently sold TMG securities to [P]laintiff by secretly converting this debt into equity and then by eliminating the equity from its 1998 balance sheet." See Compl. ¶ 2.

F.3d 148, 151 (4th Cir. 1994)). Removal of a civil action from state court to federal court is proper if and only if the case could have been originally filed in federal court. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district and division embracing the place where such action is pending."). As the parties asserting federal jurisdiction, Defendants bear the burden of proving that the case belongs in federal court. See Green v. H&R Block, Inc., 981 F. Supp. 951, 952 (D. Md. 1997)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). Where the basis of removal is the presence of a federal question, the district court must look to the complaint to determine if "federal law either creates the cause of action or ' . . . the vindication of a right necessarily turn[s] on some construction of federal law.'" Danfelt, 998 F. Supp. at 608 (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808-09 (1986)).

In their notice of removal, Defendants state that federal question jurisdiction exists because Count IV of Plaintiff's complaint, alleging non-disclosure fraud, arises under the Securities Exchange Act of 1934. See Notice of Removal ¶¶ 7-11. Consequently, Defendants urge, this court can exercise supplemental jurisdiction over all other claims alleged in the complaint pursuant to 28 U.S.C. § 1367(a). See id. ¶ 12. Plaintiff responds that Count IV is a state common-law claim for non-disclosure fraud. See Mot. to Remand at 1.

In essence, Count IV alleges that Defendants had a duty to disclose certain information to Plaintiff regarding the payment of a debt owed to him and that Defendants further breached this duty with the intent to deceive, knowing that Plaintiff would reasonably rely on the alleged non-disclosures. See Compl. ¶¶ 28-33. In support of this claim, Plaintiff states that "[a]t all relevant times, each [D]efendant was in the securities business while perpetrating the aforesaid securities fraud on [P]laintiff which is punishable by imprisonment under the Act." Id. ¶ 34. The "Act" to which Plaintiff refers is the Maryland Securities Act. See

id. ¶ 6 (indicating that the "Act" thereinafter refers to the Maryland Securities Act).

Nowhere in Count IV does Plaintiff cite to, refer to, or rely on the Securities Exchange Act of 1934. Nevertheless, Defendants argue that "the core allegations of Plaintiff's Complaint relate to Defendant's [sic] alleged activities related to Federal Securities Laws, specifically the 1934 Act" and that Plaintiff "chooses to make very specific allegations of violations of the 1934 Act in Count IV of the Complaint." Def.'s Opp. Pl.'s Mot. Remand at 2. Defendants point to Plaintiff's allegations in support of the non-disclosure fraud claim that Defendants also misrepresented facts to the NASD and that the fraud perpetrated against Plaintiff was done to gain approval and avoid investigation and/or sanctioning by the NASD and SEC. See id. at 3. Defendant contends that because these acts violate the Securities Exchange Act of 1934, which provides a private right of action, Plaintiff's claim necessarily "arises under" federal law. See id. at 4.

In order for a claim to "arise under" federal law for jurisdictional purposes, it must either be created by federal

law or "'necessarily on depend[] on a resolution of a substantial question of federal law.'" <u>Mulcahey v. Columbia Organic Chem. Co.</u>, Inc., 29 F.3d 148, 151 (4th Cir. 1994) (quoting <u>Franchise Tax. Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 28 (1983)). Plaintiff's claim here does neither.[2] Under Maryland law, non-disclosure of a material fact is actionable common-law fraud where there was a duty to disclose and/or an intent to mislead. <u>See</u> <u>United States v. Colton</u>, __ F.3d __, 2000 WL 1648877 (4th Cir. Nov. 3, 2000) (citing <u>Fegeas v. Sherrill</u>, 147 A.2d 223, 225 (Md. 1958)). Count IV of Plaintiff's complaint alleges these elements. Plaintiff's allegations regarding Defendants' misrepresentations to the NASD and efforts to avoid sanctioning by the NASD and SEC, which Defendants contend support a finding of federal jurisdiction, are not essential elements of Plaintiff's claim. Rather, these allegations appear to be no more than detailed background provided to support the claim for non-disclosure fraud. <u>Cf</u>. Fed.R.Civ.P.

---

[2]Defendants do not argue that Plaintiff's state-law claims are preempted by federal law. <u>See</u> <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63-64 (1987)).

9(b). Therefore, federal law neither creates the cause of action alleged in Count IV nor does any question of federal law lie at the core of that claim. Accordingly, the case was removed improvidently and without jurisdiction.

## III

Plaintiff seeks costs and expenses. While it is true that the federal removal statutes authorize the district courts to award costs and expenses, including attorney fees, the decision to do so is purely discretionary. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and actual expenses . . . incurred as a result of the removal." (emphasis added)). Plaintiff contends that Defendants waived their right to federal removal jurisdiction by bringing a related matter in state court. See Mot. to Remand at 5. Plaintiff relies on Sood v. Advanced Computer Techniques Corp., 308 F. Supp. 239 (E.D. Va. 1969), which held that the filing of a permissive counterclaim in state court by a defendant waives that defendant's right to remove the case to federal court. See Sood, 308 F. Supp. at 242. Sood, however, is not controlling on this matter for at least two

reasons: (1) it is distinguishable from the case at bar in that Defendants have not filed any counterclaims in state court; rather, two of the Defendants have filed a separate lawsuit against Plaintiff on distinct, albeit related, grounds; (2) the Sood court did not order--nor did it address--the payment of costs and expenses. Accordingly, Plaintiff's request for costs shall be denied. See, e.g., Green v. H&R Block, Inc., 981 F. Supp. 951, 955 n.3 (D. Md. 1997) (denying attorney fees on the ground that the defendant's notice of removal raised a non-frivolous question of law).

IV

For the foregoing reasons, I shall grant the motion to remand. An order follows.

Filed: December 12, 2000

_____
ANDRE M. DAVIS
United States District Judge